UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LYNDA S. RUBIN, individually and on behalf
of others similarly situated,

                Plaintiff,

    -against-

KIRSCHENBAUM, PHILLIPS & LEVY, P.C.,
and SHERMAN FINANCIAL
GROUP, LLC,

                Defendants,
-------------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff LYNDA RUBIN, individually and on behalf of others similarly situated ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for its Complaint against the Defendant KIRSCHENBAUM, PHILLIPS & LEVY, P.C. and SHERMAN FINANCIAL GROUP, LLC (hereinafter referred to as "Defendants"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("<u>FDCPA</u>").

## PARTIES

2. Plaintiff LYNDA RUBIN is a resident of the State of New York, residing at 175 Maple Avenue, Apartment 5F, Westbury, New York 11590-3169.

3. Defendant KIRSCHENBAUM, PHILLIPS & LEVY, P.C. is a legal firm engaged in the business of debt collection in the state of New York with an address at 40 Daniel Street, Suite 7, Farmingdale, New York 11735-9000.

4. Defendant SHERMAN FINANCIAL GROUP, LLC is a limited liability company engaged in the business of debt buying in the state of New York with an address at 335 Madison Avenue, #19, New York, New York 10017-4632

5. Plaintiff is a "consumer" as defined by the FDCPA, 15 USC § 1692 a (3).

6. The Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

9. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of herself and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices

and/or letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendants herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendants, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

10. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

11. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendants, which violate various provisions of the FDCPA.

12. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

13. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by Defendants' conduct; (c) Whether Plaintiff and the Class have sustained

damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

14. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

15. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C. § 1692(k).

16. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

17. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

18. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

19. Plaintiff will fairly and adequately represent the Class members' interests,

in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

20. Absent a class action, the Class members will continue to suffer losses borne from Defendants' breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

21. Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

22. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "21" herein with the same force and effect as if the same were set forth at length herein.

23. Upon information and belief, Defendants began efforts to collect an alleged consumer debt from the Plaintiff.

24. Upon information and belief, and better known to the Defendants, the Defendants began their collection efforts and campaign of communications with the Plaintiff by writing to Plaintiff.

25. On or about October 26, 2015, Plaintiff received a mass-produced notice from Defendants which did not feature a date.

26. Defendants' notice arrived by United States mail at Plaintiff's home in an envelope bearing two (2) windows, one for Defendant's return address and one for

Plaintiff's address.

27. Defendants' notice was folded twice in a manner which allowed wording from the last sentence in Defendant's notice to appear and be visible in the return address window of Defendants' envelope.

28. The wording which appeared above Defendants' return information was as follows:

> "our privacy practices generally. However, please
> 
> collecting a debt subject to the Fair Debt Collection"

29. A copy of Defendants' window envelope with the aforementioned text visible is attached hereto as Exhibit "A."

30. A copy of Defendants' notice is attached hereto as Exhibit "B."

31. Defendants' envelope was left beside mailboxes in the lobby of Plaintiff's residence and was visible to other tenants of Plaintiff's building.

## FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

33. Pursuant to the terms of 15 USC §1692 f-preface, the debt collector is prohibited from using any unfair or unconscionable means to collect a debt.

34. Defendants violated 15 USC §1692 f – preface by unfairly and

unconscionably and irresponsibly mailing notices to consumers which allow debt collection language to appear and be visible to the public and reveal that Plaintiff and consumers are receiving correspondence related to debt collection.

35. 15 USC §1692 f (8) prohibits a debt collector from using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

36. Defendants unfairly and improperly created notices for mass-distribution to consumers and Plaintiff which were mailed in envelopes which allowed language referencing debt collection to be visible, in violation of § 1692f (8).

37. As a result of Defendants' violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For actual damages provided and pursuant to 15 USC §1692k (a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692(2)(A);

   C. For statutory damages provided and pursuant to 15 USC§1692k(2)(B);

   D. For attorneys' fees and costs provided and pursuant to15USC§1692(a)(3);

   E. A declaration that the Defendants' practices violated the FDCPA;

   F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  New York, New York
     February 18, 2016

        Respectfully submitted,

        By: _____
        Edward B. Geller, Esq.(EG9763)
        Edward B. Geller, Esq., P.C., Of Counsel to
        M. HARVEY REPHEN & ASSOCIATES, P.C.
        15 Landing Way
        Bronx, New York 10464
        Phone: (914)473-6783

*Attorney for the Plaintiff* LYNDA RUBIN

To:    Kirschenbaum, Phillips & Levy, P.C.
        40 Daniel Street, Suite 7
        Farmingdale, New York 11735-9000

        Sherman Financial Group
        335 Madison Avenue, #19
        New York, NY 10017-4632

        *(Via Prescribed Service)*

        Clerk,
        United States District Court, Southern District of New York
        *(For Filing Purposes)*

EXHIBIT "A"



EXHIBIT "B"

# Kirschenbaum, Phillips & Levy, P.C.

*Attorneys at Law*

40 Daniel Street, Suite 7, P.O. Box 9000, Farmingdale, NY 11735-9000

Toll Free: (866) 746-1144   Telephone: (516) 746-1144   Fax: (516) 742-2735

We are sending you this notice on behalf of our client named below.

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the Sherman Companies). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Anson Street LLC | Granite Asset Management LLC | SFG REO, LLC |
| Ascent Card Services II LLC | Limestone Asset Management LLC | Sherman Acquisition II Limited Partners |
| Ascent Card Services, LLC | LVNV Funding, LLC | Sherman Acquisition LLC |
| Ashley Funding Services LLC | PYOD LLC | Sherman Acquisition Limited Partners |
| Credit One Bank, N.A. | Resurgent Capital Services L.P. | Sherman Acquisition TA LP |
| Fieldstone Asset Management LLC | Resurgent Capital Services PR LLC | Tradd Street LLC |
| COFS (Credit One Financial Solutions LLC) | | |

Information We May Collect. The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as collected information.

Confidentiality and Security of Collected Information. At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

Sharing Collected Information with Affiliates and Third Parties

Sharing with Affiliates. From time to time, the Sherman Companies may share collected information about customers and former customers with each other and with their affiliated financial services companies in connection with administering and collecting accounts.

Sharing with Third Parties. The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted by applicable privacy law. For example, collected information may be shared in certain circumstances (A) with third parties, to service or enforce accounts, (B) with credit reporting agencies, and (C) with law enforcement officials, to protect against fraud or other crimes.

Special Notice Regarding Collected Information Subject to the Fair Debt Collection Practices Act.
This Privacy Notice is being sent to you by the Sherman Companies in accordance with federal privacy law, and it describes our privacy practices generally. However, please be assured that collected information that is received or used for purposes of collecting a debt subject to the Fair Debt Collection Practices Act is communicated only in accordance with that Act.

CLKIRP01
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED

CCLKIRP01A-GLBA

MAIL ALL CORRESPONDENCE TO:

Kirschenbaum, Phillips & Levy, P.C.
40 Daniel St Ste 7
PO Box 9000
Farmingdale NY 11735-9000

A-GLBA     704556424

Lynda S Rubin
175 Maple Ave Apt 5F
Westbury NY 11590-3169

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNDA RUBIN, individually and on behalf of others similarly situated, | CASE NO.: |
| Plaintiff, | |
| -against- | |
| KIRSCHENBAUM, PHILLIPS & LEVY, P.C., and SHERMAN FINANCIAL GROUP, LLC, | |
| Defendants. | |

## CLASS ACTION COMPLAINT

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
15 Landing Way
Bronx, New York 10464
Phone:    (914)473-6783